**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JULIAN CAGGIANO,

Plaintiff,

- v -                                                    Civ. No. 1:18-CV-1073
                                                                     (BKS/DJS)

DONALD A. WILLIAMS, *Ulster County Court Judge*,

Defendant.

**APPEARANCES:**                              **OF COUNSEL:**

JULIAN CAGGIANO
Plaintiff, *Pro Se*
14-A-4320
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

*Pro se* Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 on September

7, 2018, and filed an Amended Complaint on September 24, 2018. Dkt. Nos. 1 & 6. Plaintiff

has sought leave to proceed *in forma pauperis* ("IFP"); by separate Order, this Court granted

Plaintiff's Application to Proceed IFP. Dkt. Nos. 2 & 7. Plaintiff filed his Amended

Complaint in order to correct defects that he perceived upon receiving the *Pro Se* Handbook

after filing his Complaint; he did so before the Court had performed an initial review of the

Complaint. Dkt. No. 6-2. The Court will deem the Amended Complaint the operative

pleading, superseding the original Complaint. Now, in accordance with 28 U.S.C. § 1915(e),

the Court will *sua sponte* review the sufficiency of the Amended Complaint.

# I. DISCUSSION

## A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, a court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at § 1915A(a) & (b). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the

plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of

this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (other citations omitted)). Rule 8 also provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

## B. Allegations Contained in Plaintiff's Amended Complaint

Plaintiff's Amended Complaint alleges that Defendant, an Ulster County Court Judge, violated the Equal Protection Clause of the Fourteenth Amendment by discriminating against him while sentencing him in 2014. Dkt. No. 6, Am. Compl., p. 2.[1] Plaintiff alleges that at his sentencing, Defendant "railed against plaintiff's supportive family, comfortable economic status, and race." *Id.* at p. 3. This resulted in Defendant "us[ing] Plaintiff's family and his economic and racial status against him to determine his sentence, outwardly or sub-consciously. The Defendant did not give the appearance of equal treatment under the law." *Id.* at p. 4. Plaintiff additionally asserts that he should not have been punished for his addiction to heroin, and should have been sentenced to a more lenient prison term, preferably

---

[1] Citations to the Amended Complaint will be to the page numbers assigned by the Court's CM/ECF system.

in a location where Plaintiff could have access to treatment in a rehabilitation center. *Id.* This claim is brought under the Eighth Amendment. Plaintiff seeks damages in the amount of $5,000,000 "for the mental pain and suffering as well as wrongful excessive confinement due to Plaintiff being sentenced to a long prison term based on race, economic status, looks as well as his addiction, which doctors have categorized as a disease." *Id.* at p. 6.

The Amended Complaint is subject to dismissal on multiple grounds. First, Defendant is entitled to immunity.[2] Plaintiff's claims seek to hold Defendant liable for his official actions in ruling on Plaintiff's case as a judge. It is well established law that judges enjoy absolute immunity from suit for actions taken in the performance of their duties. *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (noting that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction'") (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)). A claim seeking to hold judges accountable for their rulings is plainly barred by absolute immunity. *Young v. Selsky*, 41 F.3d at 51; *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature"). The sentencing of a criminal defendant is clearly a judicial function. Therefore, the Court recommends dismissing the Amended Complaint on immunity grounds.

---

[2] The Court notes that although immunity from suit is a defense that would be raised by a defendant, the Second Circuit has held that, for purposes of an initial review under 28 U.S.C. § 1915, a court may find that a complaint is based on an indisputably meritless legal theory if a defense "appears on the face of the complaint," and may validly raise such a claim *sua sponte*. *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (collecting cases throughout the various Circuit Courts of Appeal that have upheld § 1915 dismissals based upon defenses that appear on the face of the complaint). The Court notes, as set forth below, that Plaintiff will have an opportunity to present any objections he has to this Court's recommendations to the assigned District Judge.

In addition, Plaintiff's claims are subject to dismissal on statute of limitations grounds. Plaintiff alleges that he was discriminated against on September 22, 2014, and he first filed his Complaint in this matter on September 7, 2018. "The statute of limitations on an Equal Protection claim brought in New York under 42 U.S.C. § 1983 is three years. Such a claim accrues when the plaintiff knew or should have known of the disparate treatment." *Fahs Const. Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013) (internal citation omitted). Plaintiff was aware of the basis for his sentence at the time it was announced in open court. As such, the statute of limitations on Plaintiff's claims expired on September 22, 2017, nearly a year before he filed the original Complaint, and the Amended Complaint must be dismissed for this additional reason.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tomkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991)). However, where the grounds for dismissal offer no basis for curing the defects in the pleading, leave to amend would be futile. *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). To the extent Plaintiff seeks to assert a claim that is barred by absolute immunity and the applicable statute of limitations, granting leave would be futile and so it is recommended that the Amended Complaint be dismissed with prejudice.

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Amended Complaint (Dkt. No. 6) be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  September 25, 2018
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).