**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

JULIAN CAGGIANO,

                              Plaintiff,                1:18-cv-1073 (BKS/DJS)

v.

DONALD A. WILLIAMS, *Ulster County Court Judge*,

                              Defendant.

---

**APPEARANCES:**

Julian Caggiano
14-A-4320
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821
*Plaintiff pro se*

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

On September 7, 2018 Plaintiff Julian Caggiano, brought this action under 42 U.S.C. § 1983 against Defendant Donald A. Williams, an Ulster Court County Judge. (Dkt. No. 1). Plaintiff filed an Amended Complaint on September 24, 2018. (Dkt. No. 6). Plaintiff alleges that the Defendant violated Plaintiff's rights under the Fourteenth and Eighth Amendments when the Defendant sentenced Plaintiff for criminal possession of a controlled substance in the third degree. (Dkt. No. 6). *See People v. Caggiano*, 150 A.D.3d 1335 (3rd Dep't 2017). This matter was referred to United States Magistrate Judge Daniel J. Stewart who, on September 26, 2018, issued a Report-Recommendation and Order recommending that Plaintiff's amended complaint be dismissed with prejudice because, *inter alia*, Defendant is entitled to absolute judicial

immunity. (Dkt. No. 8). Plaintiff has filed an objection to the Report-Recommendation, objecting to Magistrate Judge Stewart's determination that the Defendant has judicial immunity. (Dkt. No. 9, at 2). This court reviews *de novo* those portions of a Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection and has, accordingly, reviewed that determination *de novo*. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).

For the reasons set forth in the Report-Recommendation, the Court agrees that the Plaintiff's claim is barred by judicial immunity. Absolute judicial immunity can only be overcome if: (1) the act is not taken in the judge's judicial capacity, or (2) the act, "though judicial in nature, [is] taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). The sentencing challenged by Plaintiff was clearly within the Defendant's judicial capacity and within his jurisdiction. *See People v. Caggiano*, 150 A.D.3d 1335 (3rd Dep't 2017).

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 8) that the Amended Complaint (Dkt. No. 6) be dismissed with prejudice because it is barred by judicial immunity is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 6) is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 6, 2018
      Syracuse, New York

Brenda K. Sannes
U.S. District Judge